39 F.3d 1175
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank Ervin ALTIZER Jr., Plaintiff-Appellant,
v.
Edward W. MURRAY; E. C. Morris; J. T. Briggs; L. W.
Huffman; L. M. Saunders; D. A. Braxton; Frank Taylor;
Jack Lee; Vonda Grant; Sergeant Taylor; A. Santiago; L.
D. Sprouse; Unknown Defendants, Defendants-Appellees.
Frank Ervin ALTIZER, Jr., Plaintiff-Appellant,
v.
Lonnie M. SAUNDERS; Larry W. Huffman; Swisher; Santiago;
Captain Hardin; Unknown Defendants, Defendants-Appellees.
 Nos. 93-6081, 93-6175.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1993.
Decided Oct. 25, 1994.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge; Jackson L. Kiser, District Judge. (CA-92-484-R, CA-92-413-R)
 Frank Ervin Altizer, Jr., appellant pro se.
 William Rundahl Coleman, Office of the Attorney General of Virginia, Richmond, VA, for appellees.
 W.D.Va.
 AFFIRMED IN NO. 93-6081 AND AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN NO. 93-6175.
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Frank Altizer appeals from district court orders denying relief under 42 U.S.C. Sec. 1983 (1988). Altizer's appeals in Nos. 93-6081 and 93-6175 have been consolidated pursuant to Altizer's motion. Our review of the record in No. 93-6081 discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Altizer v. Murray, No. CA-92-484-R (W.D.Va. Dec. 30, 1992).
 
 
 2
 We vacate, however, the district court's grant of summary judgment to the Defendants in No. 93-6175, and remand for further consideration of Altizer's contention that he was denied his constitutional right to call witnesses at his institutional hearing on disciplinary charges. Altizer contends that the Adjustment Committee refused to permit him to present evidence from the only witness to the incident underlying the charges brought against him. Inmates have a qualified constitutional right to call witnesses at disciplinary hearings, see Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974), but the district court, noting that prison officials may under some circumstances refuse to permit an inmate to call witnesses, found the Defendants entitled to qualified immunity because there was no clear constitutional mandate requiring them to permit the testimony of the witness at issue. We disagree.
 
 
 3
 Qualified immunity attaches if the conduct of the Defendants did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800 (1982). We find that an inmate's right to call witnesses at disciplinary hearings was clearly established at the time of Altizer's hearing. The right was initially established in Wolff in 1974 and reaffirmed by the Supreme Court and various decisions of this Court and other federal appellate courts well before Altizer's hearing. See Ponte v. Real, 471 U.S. 491 (1985); Williams v. Smith, 781 F.2d 319 (2d Cir.1986) finding right to call witnesses established by 1979 in view of Wolff and a 1979 Second Circuit decision interpreting Wolff ); Graham v. Baughman, 772 F.2d 441 (8th Cir.1985); Dalton v. Hutto, 713 F.2d 75 (4th Cir.1983) (finding that Wolff gave an inmate the right to have two prison guards testify at his disciplinary hearing even though they did not wish to appear); Segarra v. McDade, 706 F.2d 1301 (4th Cir.1983); Ward v. Johnson, 690 F.2d 1098 (4th Cir.1982) (en banc).
 
 
 4
 The parameters of the inmate's constitutional right must, however, be sufficiently clear that a reasonable official would understand that what he is doing violates that right. See Anderson v. Creighton, 483 U.S. 635, 639-40 (1987). As mentioned in the preceding discussion, the inmate's right to call witnesses is not unqualified. Indeed, prison officials possess considerable discretion in determining whether to permit an inmate's witness to testify. See Zaczek v. Hutto, 642 F.2d 74, 76-77 (4th Cir.1981). Thus, courts have permitted disciplinary committees to refuse to allow an inmate to call a witness where, for example, that witnesses' testimony would be irrelevant, see Segarra, 706 F.2d at 1305; cumulative, see Ward v. Johnson, 690 F.2d at 1112-13; or would threaten to undermine prison authority. See Brown v. Frey, 889 F.2d 159, 168 (8th Cir.1989).
 
 
 5
 Prison officials, however, must provide a reason for their refusal to call a witness, and that reason must be logically related to institutional safety or correctional goals. See Ponte 471 U.S. at 497. Moreover, the burden of persuasion regarding the existence and sufficiency of these institutional concerns rests with prison officials, rather than the prisoner. See Smith v. Massachusetts Dep't of Corrections, 936 F.2d 1390, 1399-1400 (1st Cir.1991).
 
 
 6
 In this case, it appears that the Adjustment Committee did not permit Altizer to submit evidence from inmate Danny Walls because prison officials spoke with an inmate named "D. Walls" prior to the hearing who stated that he had no knowledge of the incident. Altizer, however, maintained that this was the wrong Mr. Walls, who resided in the general population of the prison, and that the inmate Walls whose testimony he sought resided in protective custody. Altizer contended that he explained this problem to the Committee at the hearing, but that the Committee nonetheless refused to either make Walls available (despite his presence in the building), postpone the hearing, or allow Altizer to submit a statement he had obtained from Walls).
 
 
 7
 The record reflects no response by the Defendants to these allegations, as is required by Ponte. The constitutional right to call witnesses means little if crucial witnesses can be excluded from the hearing without explanation. If, as Altizer claims, inmate Danny Walls was the only witness to the incident in question, then his testimony bore obvious relevance to the proceedings that should not, objectively, have escaped the minds of the Adjustment Committee. While any initial confusion over the identity of inmate Walls might have justified some delay in calling him as a witness, it did not justify his outright exclusion. See Graham, 772 F.2d at 445-46. We therefore conclude that there was a clear constitutional mandate prohibiting the exclusion of this evidence. See Collinson v. Gott, 895 F.2d 994 (4th Cir.1990) (Phillips, J., concurring). Therefore, on this record, we find that Defendants were not entitled to summary judgment on the qualified immunity question.* The grant of summary judgment in No. 93-6175 is therefore vacated and the case is remanded for further consideration of this issue. We have reviewed Altizer's other contentions regarding No. 93-6175, but find them to be without merit. All other aspects of the district court's decision are therefore affirmed. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 Of course, if Defendants adduce further conclusive evidence demonstrating that the exclusion of inmate Walls was justified, they may seek summary judgment anew